# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RICHARD W. MARTIN,

    Petitioner,

vs.

ISIDRO BACA, *et al.*,

    Respondents.

Case No. 3:15-cv-00036-RCJ-WGC

**ORDER**

    Pursuant to this court's order, on May 18, 2015, petitioner paid the $5.00 filing fee (*see* ECF #5). The docket reflects a second payment of $5.00 on May 21, 2015 (ECF #6). Petitioner has requested a refund of the duplicate fee (ECF #7). The Clerk shall refund petitioner the second payment of $5.00.

    Next, the court has reviewed the petition pursuant to Habeas Rule 4, and the petition shall be docketed and served.

    A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

Finally, petitioner has filed a motion for a file-stamped copy of his petition (ECF #3). He notes that the Clerk mailed him a copy of the petition stamped "received." *Id*. The reason the copy was stamped only as "received" and not "filed" is that the petition is only filed if, after the court's preliminary Rule 4 review, the court directs that it be filed and served. As such, in this case the petition will be filed as of the date of entry of this order. However, an inmate's *pro se* habeas petition is deemed filed on the date that the petitioner dispatches the petition to prison personnel for mailing. Thus, this petition is deemed filed on January 15, 2015 (ECF #1-1, p. 1). Accordingly, petitioner has no need of a copy of his petition with the file-stamp, and, as he acknowledges that he has already received a copy of his petition stamped "received," his motion is denied as moot.

**IT THEREFORE IS ORDERED** that the Clerk shall **FILE** and **ELECTRONICALLY SERVE** the petition (ECF #1-1) on respondents.

**IT FURTHER IS ORDERED** that respondents shall file a response to the petition, including potentially by motion to dismiss, within **ninety (90) days** of service of the petition, with any requests for relief by petitioner by motion otherwise being subject to the normal briefing schedule under the local rules. **Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 4.**

**IT FURTHER IS ORDERED** that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss **not** in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT FURTHER IS ORDERED** that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT FURTHER IS ORDERED** that petitioner shall have **thirty (30) days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

**IT FURTHER IS ORDERED** that any additional state court record exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be forwarded – for this case – to the staff attorneys in **Reno**.

**IT FURTHER IS ORDERED** that the Clerk **SHALL REFUND** petitioner his $5.00 duplicate filing fee.

**IT FURTHER IS ORDERED** that petitioner's motion for file-stamped copy of his petition (ECF #3) is **DENIED** as moot.

Dated this 1st day of June, 2015.

_____
UNITED STATES DISTRICT JUDGE