# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RICHARD W. MARTIN,

    Petitioner,

vs.

ISIDRO BACA, *et al.*,

    Respondents.

Case No. 3:15-cv-00036-RCJ-WGC

**ORDER**

This habeas matter is before the court on petitioner Martin's motion for reconsideration of this court's order denying his motion for appointment of counsel (ECF No. 14). Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), cert. denied 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001), quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).

This court had noted previously that it appeared that Martin indicated on his motion for appointment of counsel that he had prepared it and that the motion was clear and organized (ECF No. 13). Now Martin asserts that another inmate prepared his motion for counsel and that he has had inmate legal assistance with all his pleadings. Even assuming Martin has had inmate legal assistance, this court has reviewed the docket and remains unconvinced that appointment of counsel is warranted here. Petitioner has failed to make an adequate showing under either Rule 60(b) or 59(e) that this court's order denying his motion for appointment of counsel should be reversed.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration of this court's order denying his motion for appointment of counsel (ECF No. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents' motion to extend time to respond to the petition (ECF No. 15) is **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that respondents' motion to seal (ECF No. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion for extension of time to oppose the motion to dismiss (ECF No. 30) is **GRANTED**. Within **sixty (60) days** of the date of this order, petitioner shall file and serve his opposition.

DATED: This 9th day of November, 2015.

_____
UNITED STATES DISTRICT JUDGE