UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD W. MARTIN,<br><br>                          Petitioner,<br>v.<br>ISIDRO BACA, et al.,<br><br>                          Respondents. | Case No. 3:15-cv-00036-RCJ-WGC<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the court on respondents' motion to dismiss several grounds in petitioner Richard W. Martin's *pro se* petition (ECF No. 16).  Martin initially moved for an extension of time to oppose the motion, which the court granted on January 25, 2016 (ECF No. 34).  On February 5, 2016, Martin filed a notice of appeal of the denial of his motion for appointment of counsel, which the Ninth Circuit dismissed for lack of jurisdiction (ECF Nos. 35, 37).  On May 20, 2016, petitioner filed a notice of change of address (ECF No. 39). However, Martin has never filed an opposition to the motion to dismiss or responded to the motion in any way.  Respondents filed their notice of petitioner's failure to respond to the motion to dismiss on August 1, 2016 (ECF No. 41).

**I.	Procedural History and Background**

On January 31, 2006, a jury convicted Martin of second-degree kidnapping and attempted murder for forcing his wife into his vehicle, driving on the highway at high

1

speed, threatening to crash the vehicle, and then in fact crashing the vehicle on an exit ramp (exhibits 37 and 42 to respondents' motion to dismiss, ECF No. 16).[1]

The state district court sentenced Martin to 36 to 120 months on count I and to 72 to 184 months on count II, concurrent to count I. Exh. 43. Both counts were to run consecutive to his sentence for a separate conviction of possession of a controlled substance with the intent to sell. *Id.* Judgment of conviction was filed on March 29, 2006. Exh. 42.

The Nevada Supreme Court affirmed the convictions on November 13, 2006, and remittitur issued on December 8, 2006. Exhs. 68, 69.

Martin filed a state postconviction habeas corpus petition on January 12, 2007. Exh. 71. The state district court appointed counsel and granted a motion to allow an accident reconstruction expert report in support of the amended state petition. Exhs. 80, 138, 167. The court also conducted a hearing on Martin's competency, exh. 212, and two evidentiary hearings. Exhs. 110, 214-216. The state district court ultimately denied the petition on December 30, 2013. Exh. 229. The order was amended the following day. Exh. 230. On September 17, 2014, the Nevada Supreme Court affirmed the denial of the petition, and remittitur issued on October 16, 2014. Exhs. 247, 249.

Martin dispatched this federal habeas petition for mailing on or about January 15, 2015 (ECF No. 9).[2] Respondents have now filed a motion to dismiss several grounds as noncognizable, unexhausted, or procedurally barred (ECF No. 16). As discussed, Martin has failed to oppose the motion to dismiss. The court notes that, pursuant to Local Rule 7-2(d), petitioner's failure to oppose constitutes consent to the granting of the motion.

---

[1] The exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 16, and are found at ECF Nos. 18-26.

[2] It appears that Martin was discharged from Nevada Department of Corrections' custody in May 2016 (*see, e.g.*, ECF No. 39). In order for federal courts to have jurisdiction over a 28 U.S.C. § 2254 habeas petition, petitioner must be in custody at the time of the filing of the petition. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). However, once the petition is filed in federal court, it does not matter if the petitioner is later released from custody for the purposes of the "in custody" requirement. *Carafas v. LaVallee*, 391 U.S. 234, 237-238 (1968).

**II.  Legal Standards & Analysis**

28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides that this court may grant habeas relief if the relevant state court decision was either:  (1) contrary to clearly established federal law, as determined by the Supreme Court;  or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court.

**A. Exhaustion**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

**Ground 1**

Martin argues in ground 1 that the trial court denied his proper person motion seeking the withdrawal of appointed counsel and appointment of replacement trial counsel in violation of his Sixth Amendment right to counsel and his Fourteenth Amendment right to a fair trial (ECF No. 9, pp. 3-4).  Contrary to respondents' assertion, Martin raised this claim in his direct appeal.  Exh. 63, pp. 12-13.  Ground 1 is exhausted.

**Ground 2**

Martin contends in ground 2 that his trial counsel rendered ineffective assistance in violation of his Sixth Amendment rights by (1) refusing to engage in meaningful consultations with petitioner and allow petitioner to assist in his own defense; (2)

3

refusing to allow Martin to present his defense of choice; (3) refusing to conduct reasonable investigations consistent with plausible lines of defense; (4) failing to present expert witnesses at trial to impeach the state's experts; (5) refusing Martin's request that counsel provide him with copies of the discovery; (6) failing to prepare Martin for his testimony at trial; (7) failing to file a motion to suppress Martin's statements to police made without "effective" Miranda admonishments and while he was hospitalized with severe head trauma; and (8) failing to present mitigating evidence at sentencing (ECF No. 9, pp. 6-15).  Martin acknowledges that he did not present federal ground 2 to the Nevada Supreme Court.  *Id.* at 16; *see* exhs. 53, 63, 243.  Ground 2 is, therefore, unexhausted.

### Ground 3

In ground 3, Martin asserts that prosecutors withheld material, exculpatory video evidence, depriving him of his Fourteenth Amendment right to a fair trial (ECF No. 9, pp. 17-18).  This claim was not presented to the Nevada Supreme Court and is, therefore, unexhausted.  *See* exhs. 53, 63, 243.

### Ground 4

In ground 4, Martin argues that his trial counsel was ineffective for failing to assert Martin's incompetence during the prior-bad-act hearing or at trial (ECF No. 9, pp. 20-48).  Federal ground 4 was not presented to the Nevada Supreme Court and is, therefore, unexhausted.  *See* exhs. 53, 63, 243.

### Ground 5

In ground 5, Martin contends that the trial court erred when it allowed prior-bad-act evidence at trial even though Martin could not remember the incidents and failed to *sua sponte* have Martin's competency evaluated in violation of Martin's Fourteenth Amendment right to a fair trial (ECF No. 9, pp. 50-59).  The court has carefully reviewed Martin's state-court filings and agrees with respondents that Martin did not present

4

these claims to the Nevada Supreme Court. *See* exhs. 53, 63, 243. Accordingly, ground 5 is unexhausted.

### B. Procedural Default

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

To demonstrate a fundamental miscarriage of justice, a petitioner must show the constitutional error complained of probably resulted in the conviction of an actually innocent person. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United*

5

*States*, 523 U.S. 614, 623 (1998). This is a narrow exception, and it is reserved for extraordinary cases only. *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992). Bare allegations unsupplemented by evidence do not tend to establish actual innocence sufficient to overcome a procedural default. *Thomas v. Goldsmith*, 979 F.2d 746, 750 (9th Cir. 1992).

**Ground 6**

Martin claims that the trial court erred in finding that he was competent to assist counsel in violation of his Fifth, Sixth, and Fourteenth Amendment rights (ECF No. 9, pp. 62-65). Martin raised this claim on direct appeal. Exh. 63. He raised it again in his appeal of the denial of his state postconviction petition. Exh. 243. In affirming the denial of the state petition, the Nevada Supreme Court noted that such a claim would be subject to the mandatory procedural bar of NRS 34.810(1)(b) because it was a claim that could have been raised on direct appeal. Exh. 247, p. 3. However, the state supreme court also noted that Martin had already unsuccessfully challenged the competency determination decision on direct appeal. *Id.* at 4. As the Nevada Supreme Court considered federal ground 6 on the merits, it is exhausted and not procedurally defaulted.

**C. Claims Cognizable in Federal Habeas Corpus**

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A petitioner may not transform a state-law issue into a federal one merely by asserting a violation of due process. *Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996). Alleged errors in the interpretation or application of state law do not warrant habeas relief. *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004).

**Ground 12**

Martin asserts that he is entitled to a new trial under state law because the jury verdict was based on conflicting evidence (ECF No. 9, p. 72). As respondents point out, this is a state-law claim, and therefore, shall be dismissed as noncognizable in federal habeas corpus.

**Ground 13**

This is a claim that the cumulative effect of the errors set forth in this federal petition violated Martin's Fourteenth Amendment right to a fair trial (ECF No. 9, pp. 73-74). With respect to the ineffective assistance of counsel claims, a separate cumulative error claim for ineffective assistance of counsel is either noncognizable or duplicative of the underlying ineffective assistance claims. In *Strickland v. Washington*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. 466 U.S. 668, 687 (1984). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000). To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* Thus, the nature of the *Strickland* standard itself assesses the cumulative effect of an attorney's serious errors.

Accordingly, the portion of ground 13 that claims cumulative error of the ineffective assistance of counsel claims is dismissed.

### III.   Petitioner's Options Regarding Unexhausted Claims

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both

7

exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the court finds that (a) grounds 2, 3, 4, and 5 are unexhausted; and (b) ground 12 and the portion of ground 13 claiming cumulative error of ineffective assistance of counsel claims are dismissed for failure to state a claim cognizable in federal habeas corpus. Because the court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

> 1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claim;
>
> 2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or
>
> 3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

Accordingly, if petitioner files a motion for stay and abeyance, he would be required to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding the question whether or not his unexhausted

8

claims are plainly meritless. Respondent would then be granted an opportunity to respond, and petitioner to reply.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

### IV.   Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 16) is **GRANTED** in part and **DENIED** in part as follows:

Ground 1 is exhausted;

Grounds 2, 3, 4, and 5 are unexhausted;

Ground 12 is dismissed as noncognizable in federal habeas corpus;

The portion of Ground 13 claiming cumulative error with respect to ineffective assistance of counsel claims is dismissed as noncognizable in federal habeas corpus;

Ground 6 is not procedurally defaulted.

**IT IS FURTHER ORDERED** that respondents' motion to withdraw exhibit 27 (ECF No. 28) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and

abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED: August 23, 2016

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE